### City of Joliet v. Leila F. Birdsell.

#### Gen. No. 4,665.

1. VERDICT—*when excessive.* A verdict for $2,000 is excessive where the evidence is doubtful as to the cause of the injury and the same does not appear to have been severe.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

ROBERT E. HALEY, City Attorney, for appellant.

LAGGER & BLATT, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action brought by appellee against appellant to recover damages alleged to have been sustained by appellee by falling on a sidewalk within the city of Joliet at a point on the south side of Exchange street between Bluff street and the Desplaines river. The declaration charged the appellant with negligence in that it failed to keep its sidewalks in good repair and safe condition and alleged in various ways the injuries from which appellee was supposed to be suffering. There was a trial before a jury which returned a verdict of $2,000. A motion for a new trial was overruled and judgment entered on the verdict, from which this appeal is prosecuted.

The sidewalk where the accident happened was about nine feet wide and made of flag stones about nine feet

from side to side of the sidewalk, and six feet length-
wise thereof. At the point where the accident hap-
pened, the stone was cracked completely across from
east to west so that the crack extended northwest and
southeast diagonally across the stone near the center.
There was another crack in the stone extending from
the east side of the flag so as to intercept the main
crack, making a triangular piece of stone about eighteen
inches on either side. The main part of the flag sagged
toward the large crack, and the triangular piece had
also settled until it was some two or three inches lower
than the flag next adjoining on the east. At the time
of the accident appellee and three other ladies were
passing over this sidewalk going in an easterly direc-
tion, and when appellee stepped upon this triangular
piece it rocked, and appellee, striking her toe against
the adjoining flag on the east, fell to the sidewalk. Ap-
pellee testified that she fell flat, the force of the fall
coming on her wrists and knees; that she was assisted
to her feet and went to a nearby bakery where she re-
mained for a few minutes, then continued her journey
down town for nearly an hour and took a car home;
that the accident happened on the 21st day of Febru-
ary, 1903, and that on the 9th day of March following
a physician for the first time examined her relative to
the alleged injuries; that this physician was not called
by appellee, but chanced to be where appellee was visit-
ing in Chicago; that he then examined appellee's hand
and treated her for a sprained condition of the hand
and knee, and that he also gave appellee medicine for
a headache. Appellee further testified that she was ex-
amined March 25, 1903, by Joliet doctors; that on April
7, 1903, she went to work at her trade as a milliner and
worked for ten weeks at $18 per week; that she worked
at her trade again in the fall of 1903, at a salary of
$18 per week; that in 1903 she first noticed the numb-
ness and spinal trouble of which she complained at the
trial. Appellee further testified that she was feeling

114    APPELLATE COURTS OF ILLINOIS.

VOL. 129.] Inter-State Ind. Telephone & Telegraph Co. v. Liberty.

better at the time of the trial than she had six months before and that her appetite was much improved. The injuries to the hand and knee seem to have nearly, if not fully, healed and no serious complaint was made at the trial on account of those injuries. The most serious of the injuries complained of were those to the spine and nervous system, a condition which, according to the testimony of appellee did not develop until June, or some three months after the accident. There was evidence that the injuries to the spine could not have been occasioned by a fall such as the appellee received, striking on her hands and knees. At the time of the accident appellee was forty-three years of age and had a tumor removed sometime in 1894.

We think that under the evidence in this case it is very doubtful whether the spinal trouble and numbness of which appellee complained can be traced with any degree of certainty to the fall on the sidewalk, and even if these injuries could be so traced, we think the verdict excessive.

For the reasons above stated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*